UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00386-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    TERESA MEZA,

       Defendant.

## ORDER ON MOTION FOR CLARIFICATION

**THIS MATTER** comes before the Court on the Government's Motion for Clarification **(#56)** of the Court's December 26, 2013 Order **(#54)** granting in part and denying in part the Defendant Teresa Meza's motion to suppress evidence. The Motion for Clarification is **GRANTED**, insofar as this Order supplements the December 26, 2013 Order.

The Government seeks clarification of two aspects of the December 26, 2013 Order. First, does the suppression ruling extend to fingerprints taken by the United States Marshal Service (USMS) after Ms. Meza was placed in federal custody? If the USMS fingerprints are suppressed, the Government seeks to compel Ms. Meza to provide a new set of fingerprints before trial. Second, the Government seeks clarification regarding the scope of the Court's finding that Officer Blatt's testimony at the suppression hearing was not credible.

    **A. Fingerprint Evidence**

In the December 26, 2013 Order, the Court found that ICE officers violated Ms. Meza's Fourth Amendment rights when they conducted a warrantless search of the Mezas' apartment. Applying the analysis set forth in *United States v. Olivares-Rangel*, 458 F.3d 1104, 1106 (10th

1

Cir. 2006), the Court determined that physical evidence derived from the unlawful search, including fingerprints taken from Ms. Meza, constituted fruit of the poisonous tree and therefore must be suppressed.

The Government does not challenge or request reconsideration as to suppression of the fingerprints taken by ICE immediately after Ms. Meza's arrest. Instead, the Government now focuses on fingerprints apparently taken by the USMS at some point thereafter.

As noted in the December 26, 2013 opinion, evidence discovered as a direct result of unlawful activity may be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). To suppress evidence as fruit of the poisonous tree, a defendant must show a factual nexus between the illegality and the challenged evidence. *Id.* Ordinarily, the Government can avoid suppression of such evidence if it proves that the evidence does not suffer from the taint of the unlawful conduct. *See United States v. Nava-Ramirez*, 210 F.3d 11128, 1131 (10th Cir. 2000). The Government does this by demonstrating that the evidence would have been inevitably discovered, was discovered through independent means, or was so attenuated from the illegality as to dissipate the taint of the unlawful conduct. *Wong Sun*, 371 U.S. at 488. With regard to fingerprints taken after an unlawful arrest, there is a split among the Circuits.[1] The Tenth Circuit applies the general analytical approach used in determining whether evidence is "fruit of the poisonous tree," but adds that suppression of fingerprints can be avoided

---

[1] *Compare United States v. Olivares-Rangel*, 458 F.3d 1104 (10th Cir. 2006) (interpreting *Lopez-Mendoza* as merely reiterating long-standing jurisdictional rule), *and Pretzantzin v. Holder*, 736 F.3d 641 (2d Cir. 2013) (same), *and United States v. Guevara-Martinez*, 262 F.3d 751 (8th Cir. 2001) (same), *and United States v. Oscar-Torres*, 507 F.3d 224 (4th Cir. 2007) (same), *with United States v. Bowley*, 435 F.3d 426 (3d Cir. 2006) (interpreting *Lopez-Mendoza* as barring suppression of evidence of identity), *and United States v. Navarro-Diaz*, 420 F.3d 581 (6th Cir. 2005) (same), *and United States v. Roque-Villanueva*, 175 F.3d 345 (5th Cir. 1999). The approach taken by the Ninth Circuit does not appear entirely consistent. *Compare United States v. Guzman-Bruno*, 27 F.3d 420 (9th Cir. 1994), *with United States v. Garcia-Beltran*, 389 F.3d 864 (9th Cir. 2004).

if they were obtained as part of the routine booking process, as compared to an investigatory purpose of connecting the defendant to illegal activity. *United States v. Olivares-Rangel*, 458 F.3d 1104 (10th Cir. 2006).

At the hearing on the Motion to Suppress, Ms. Meza showed a nexus between the illegal search of the Meza apartment, her illegal seizure, and the fingerprints taken by the ICE officer immediately thereafter. The Government offered no evidence that these fingerprints were obtained as part of a routine booking process rather than for the purpose of comparing them to her immigration file or prior criminal record for purposes of this prosecution. Thus, the Court found that they were suppressed as fruit of the poisonous tree. The same problem exists with regard to fingerprints taken by the USMS. By extension of the reasoning with regard to the prints taken at the INS officer, there exists the same factual nexus between the illegal conduct and fingerprints taken by the USMS. However, no evidence was presented at the hearing with regard to these prints, and no proffer has been made by the Government in the context of the Motion to Clarify. There is nothing before the Court that explains when, why, or for what purpose the USMS took Ms. Meza's fingerprints. Without evidence showing that the fingerprints were collected as a matter of routine booking, the Court cannot conclude that the primary taint of illegal conduct has been purged. Therefore, the USMS fingerprints are suppressed as fruit of the poisonous tree.

Being unable to use fingerprints obtained by the USMS, the Government moves for an order compelling Ms. Meza to provide a new set of fingerprints to be used at trial, two weeks hence. The Government relies upon case authority from the Ninth Circuit, *United States v. Garcia-Beltran*, 443 F.3d 1126 (9th Cir. 2006). Ms. Meza opposes the request.

The Court begins by observing that *Garcia-Beltran* is not binding precedent in the Tenth Circuit. Instead, it reflects the split between the two circuits on this very issue. The *Garcia-Beltran* decision to which the Government refers was the second decision by the court of appeals in that case. In *Olivares-Rangel*, the Tenth Circuit referred to the first decision, *United States v. Garcia-Beltran,* 389 F.3d 864 (9th Cir. 2004), which addressed whether initial fingerprints could be suppressed. The Tenth Circuit refers to the first *Garcia-Beltran* decision for the proposition that initial fingerprint evidence need not be suppressed if they were obtained for the purposes of identification during a routine booking procedure.

However, the second *Garcia-Beltran* decision, upon which the Government relies, addresses later acquired fingerprints after a first set was already suppressed. It expressly states that its reasoning conflicts with that adopted by the Eighth Circuit, which was ultimately adopted by the Tenth Circuit in *Olivares-Rangel*. 443 F.3d at 1133-34. Thus, the Court rejects the reasoning of the second *Garcia-Beltran* decision.

The Tenth Circuit has not yet addressed whether a fingerprint exemplar can be compelled when: 1) identity is an element of the charge, and 2) the defendant is in custody due to an illegal search or seizure. This Court assumes that the issue would be resolved consistently with the reasoning of *Olivares-Rangel* — that fingerprints obtained for the purpose of the Government's prosecution just weeks before trial are *ipso facto* not obtained as part of a routine booking process. Put another way, the only purpose for compelling the Defendant to be fingerprinted prior to trial is to prove identity — an investigatory purpose. Such purpose exploits the initial illegal behavior of law enforcement officers that led to the defendant's detention. To allow such exploitation is contrary to the precedent of *Davis v. Mississippi*, 394 U.S. 721 (1969) and *Hayes v. Florida*, 470 U.S. 811 (1985).

### B. Credibility Finding

The Government also seeks clarification regarding the Court's finding that Officer Blatt's testimony at the suppression hearing was "not credible." The Court made this finding with regard to Officer Blatt's testimony that the purpose of the ICE officers' search of the Meza apartment was to verify information on Mr. Meza's application for extension of time to voluntarily depart. The Government asks the Court to clarify whether it "found in favor for the defendant because the Government failed to meet its burden and gave more weight to the defendant's presentation and evidence or did the Court actually find that testimony from Officer Blatt was false."

Merriam-Webster's dictionary defines "credible" as "offering reasonable ground for being believed." Whether something is believable depends upon consideration of all of the evidence presented. Testimony that is not believable is not necessarily false. Testimony may not be believable for myriad reasons — incomplete recollection or reporting, bias, confusion, etc. The Court found that Officer Blatt's testimony was not credible — meaning it was not believable. Had the Court intended to find that the testimony was false, it would have done so in the Order.

Dated this 17th day of January, 2014.

BY THE COURT:

_____

Marcia S. Krieger
Chief United States District Judge